**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling**

**JACK R. WATTS,**

        Plaintiff**,**

    v.                               **Civil Action No.: 5:23-CV-264**
                                                  Judge Bailey

**CO II CORRECTIONAL O HARLEY
BURKEY,** is sued in his individual
capacity**,**

        Defendant**.**

### REPORT AND RECOMMENDATION

### I. Background

Plaintiff initiated this action on July 27, 2023, by filing a Complaint under 42 U.S.C.

§ 1983.  At the time of the allegations in this case, plaintiff was a state inmate at Northern

Regional Jail and Correctional Facility in Moundsville, West Virginia.  Plaintiff's Amended

Complaint alleges that defendant Burkey left plaintiff's cell door unsecured, allowing

another inmate to enter and attack him.  Pending before this Court are plaintiff's Request

to Clerk for Default Judgment [Doc. 30] and Defendants'[1] Motion for Partial Dismissal

[Doc. 34].  This matter is assigned to the Honorable John Preston Bailey, United States

District Judge, and it is referred to the undersigned United States Magistrate Judge for

---

[1] The Motion is brought by "Defendants, Harley Burkey and Northern Regional Jail and Correctional Center."  [Doc. 34 at 1].  As set forth in this Report, it does not appear that Northern Regional Jail and Correctional Center ("NRJCC") was ever named as a defendant.  For the purposes of this report, the undersigned will follow the movant's lead in referring to both parties as defendants.

submission of proposed findings and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons that follow, the undersigned recommends that the Motion for Default Judgment be denied and the Motion for Partial Dismissal be denied as moot.

## II. Standard of Review

**A.     Section 1983 Claims**

The Supreme Court has held that:

> Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws...." The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.

***Wyatt v. Cole***, 504 U.S. 158, 161 (1992) (citing ***Carey v. Piphus***, 435 U.S. 247, 254–257 (1978)).  In ***Gomez v. Toledo***, 446 U.S. 635 (1980), the Supreme Court succinctly stated what a plaintiff must allege to sustain a civil rights action:

> By the plain terms of § 1983, two—and only two—allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law.

***Gomez***, 446 U.S. at 640.

**B.     Default Judgment**

Default and default judgment are governed by Federal Rule of Civil Procedure 55. As summarized by this Court,

> To obtain a default judgment, the moving party must first seek an entry of default, which is appropriate when "a party against whom a judgment for

affirmative relief is sought has failed to plead or otherwise defend...." Fed. R. Civ. Pro. 55(a). Once default is entered by the Clerk, the party may seek a default judgment against the defaulting party. Fed. R. Civ. Pro 55(b). District courts have discretion to enter default judgments, **United States v. Moradi**, 673 F.2d 725, 727 (4th Cir. 1982), but the Fourth Circuit "has a strong policy that cases be decided on the merits." **United States v. Shaffer Equipment Co**., 11 F.3d 450, 453 (4th Cir. 1993). Nevertheless, a default judgment remains available "when the adversary process has been halted because of an essentially unresponsive party." **Garnier-Thiebaut, Inc. v. Castello 1935 Inc.**, 2019 WL 6696694, at *1 (D. Md. Dec. 6, 2019).

**Norfolk S. Ry. Co. v. Matriculated Servs., LLC.**, No. 1:19-CV-202, 2022 WL 2764703, at *3 (N.D.W. Va. July 15, 2022) (Keeley, J.)

## C.    Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." **Republican Party of N.C. v. Martin**, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. **Mylan Labs, Inc. v. Matkari**, 7 F.3d 1130, 1134 (4th Cir. 1993); see also **Martin**, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 555 (2007) (quoting **Conley v. Gibson**, 355 U.S. 41, 47 (1957)). In **Twombly**, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." **Conley**, 550 U.S. at 555

(citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. (citations omitted), to one that is "plausible on its face," [*Id*. at 570], rather than merely "conceivable." *Id*. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in *Ashcroft v. Iqbal*, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. *Id*.

Finally, this Court notes that pro se allegations are held to a less stringent standard than those drafted by lawyers and must be liberally construed.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hudspeth v. Figgins*, 584 F.2d 1345, 1347 (4th Cir. 1978).

## III. Analysis

### A.    Plaintiff's Request for Default Judgment

Plaintiff's filing is styled as "Request to Clerk for Default Judgment," which the Court construes as a motion for the entry of default and default judgment.  [Doc. 30]. Plaintiff asks that default judgment in the amount of $100,000 be entered against defendant Burkey for failure to plead or otherwise defend.  It is undisputed that Burkey

did not timely plead—he was served with a twenty-one day summons on December 13, 2023, but did not file his answer until January 23, 2024.

Defendant Burkey's explanation for this delay is straightforward–when he received the Complaint and summons, he believed NRJCC was a party to this action and would handle the response.  This was a mistake; the Complaint named only defendant Burkey, but as part of naming him, named NRJCC only as his workplace.  However, the summons listed NRJCC directly below defendant Burkey, and the undersigned agrees with defendants that this was "a legitimate mistake by a non-lawyer." [Doc. 43 at 2].  Given the relatively short delay caused, and the "the strong policy that cases be decided on their merits," the undersigned finds that the outcome of this case should not hinge on this minor mistake.  *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993).  Further, even if plaintiff had first obtained default and default judgment were appropriate here, the Court may set aside a default judgment under Rule 60(b), including under 60(b)(1) for "mistake, inadvertence, surprise, or excusable neglect," which would clearly apply here.

**B.    Defendants' Motion for Partial Dismissal**

In Defendants' Motion for Partial Dismissal, [Doc. 34], defendants seek dismissal of claims against NRJCC and against defendant Burkey insofar as they are brought against him in his official capacity.  First, as defendants point out, § 1983 claims must be brought against a "person" and not a state or state agency.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983.").  It does not appear to the undersigned that NRJCC was ever named as a defendant; rather the Complaint listed NRJCC merely as a defendant Burkey's place of employment.  Regardless, it is clear the

jail is not an appropriate defendant in a § 1983 claim.  Second, it is likewise clear that plaintiff cannot bring a § 1983 claim against defendant Burkey in his official capacity.  *Id*.

Plaintiff does not dispute either of these arguments.  In his response, [Doc. 41], plaintiff states he did not sue or did not intend to sue NRJCC and concedes he cannot bring a claim against defendant Burkey in his official capacity.  Plaintiff has accordingly amended his Complaint to only include defendant Burkey and only in his individual capacity.  Accordingly, defendants have already received the relief sought and their Motion to Dismiss is moot.

## IV. Recommendation

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's Request to Clerk for Default Judgment [**Doc. 30**] be **DENIED** and Defendants' Motion for Partial Dismissal [**Doc. 34**] be **DENIED AS MOOT**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the United States District Judge.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas*

*v. Arn*, 474 U.S. 140 (1985); ***Wright v. Collins***, 766 F.2d 841 (4th Cir. 1985); ***United States v. Schronce***, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is further **DIRECTED** to provide copies of this Report and Recommendation to all counsel of record herein.

**DATED**: February 20, 2024.

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE