IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**JACK R. WATTS,**

    Plaintiff,

v.            **CIVIL ACTION No. 5:23-CV-264**
              Judge Bailey

**CO II CORRECTIONAL O HARLEY BURKEY**, is sued in his individual capacity,

    Defendant.

## ORDER

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 50]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on February 20, 2024, wherein he recommends that plaintiff's Request to Clerk for Default Judgment [Doc. 30] be denied and defendant's Motion for Partial Dismissal [Doc. 34] be denied as moot.

## BACKGROUND

Plaintiff initiated this matter on July 27, 2023, by filing a Complaint under 42 U.S.C. § 1983. At the time of the allegations in this case, plaintiff was a state inmate at Northern Regional Jail and Correctional Facility ("NRJCC") in Moundsville, West Virginia. Plaintiff's Amended Complaint alleges that defendant Burkey "unsecured [his] cell door, allowing

1

another inmate to enter and attack [him]."[1] See [Doc. 36 at 6]. Plaintiff seeks $100,000 for compensation, punitive damages, and costs. [Id. at 8].

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Gordon v. Leeke**, 574 F.2d 1147, 1151 (4th Cir. 1971).

---

[1] In the R&R, the magistrate judge stated that plaintiff alleged that defendant Burkey left plaintiff's cell door open. In his objections, plaintiff contends that defendant Burkey unlocked plaintiff's cell door, allowing another inmate to enter. [Doc. 56 at 2].

2

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Plaintiff timely filed his objections [Doc. 56] on March 4, 2024.

Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## DISCUSSION

In the present case, Magistrate Judge Mazzone recommends that plaintiff's Request to Clerk for Default Judgment should be denied and defendant's Motion for Partial Dismissal should be denied as moot. On March 4, 2024, plaintiff filed his objections to the R&R. Plaintiff does not object to Magistrate Judge Mazzone's conclusion that defendant's Motion for Partial Dismissal should be denied as moot. However, plaintiff objects to the R&R insofar as it recommends his Request to Clerk for Default Judgment should be denied. Plaintiff contends that defendant Burkey's explanation for his delay in answering "is not straight forward." [Doc. 56 at 4]. Specifically, plaintiff argues that "defendant Burkey has worked for at lease two (2) years with the NRJCC, and if he was under the false belief that they would handle the response, his education, along with common sense would dictate, once he was served, he needed to be responsible enough to pick up the phone and check to see if they were handling the response." [Id.]. Moreover, plaintiff objects to the R&R, arguing that the R&R was premature as he had not yet filed a reply to his Motion and alleges that this Court must hold off on ruling on his Request to Clerk for Default Judgment until after discovery is completed. [Id. at 2, 4].

In the R&R, Magistrate Judge Mazzone found that:

Defendant Burkey's explanation for this delay is straightforward–when he received the Complaint and summons, he believed NRJCC was a party to this action and would handle the response. This was a mistake; the Complaint named only defendant Burkey, but as part of naming him, named NRJCC only as his workplace. However, the summons listed NRJCC directly below defendant Burkey, and the undersigned agrees with defendant that this was a "legitimate mistake by a non-lawyer." [Doc. 43 at 2]. Given the relatively short delay caused, and "the strong policy that cases be decided on their merits," the undersigned finds that the outcome of this case should not hinge on this minor mistake. ***United States v. Shaffer Equip. Co.***, 11 F.3d 450, 453 (4th Cir. 1993). Further, even if plaintiff had first obtained default and default judgment were appropriate here, the Court may set aside a default judgment under Rule 60(b), including under 60(b)(1) for "mistake, inadvertence, surprise, or excusable neglect," which would clearly apply here.

[Doc. 50 at 5].

This Court agrees with Magistrate Judge Mazzone that defendant Burkey's delay in answering was a mistake. Defendant Burkey did not timely plead. He was served with a twenty-one day summons on December 13, 2023, but did not file his answer until January 23, 2024. *See* [Docs. 22 & 33]. Defendant Burkey states that he did not respond to the summons in the case because he believed the NRJCC was a party to the action and would handle the matter. [Doc. 43 at 1]. This is a legitimate mistake by a non-lawyer.

4

While plaintiff contends that defendant Burkey "needed to be responsible enough to pick up the phone and check to see if [the NRJCC was] handling the response," nonetheless, defendant Burkey made a legitimate mistake. Further, plaintiff's reply does not change the outcome on his Motion and this Court does not need to conduct discovery before it can rule on plaintiff's Request to the Clerk to Enter Default Judgment. This Court has sufficient evidence to rule on plaintiff's Motion.

Moreover, as Magistrate Judge Mazzone pointed out even if plaintiff had first obtained default and default judgment were appropriate here, the Court may set aside a default judgment under Rule 60(b). Pursuant Federal Rule of Civil Procedure 60(b)(1), the Court can set aside default judgement for "mistake, inadvertence, surprise, or excusable neglect." Accordingly, even if plaintiff obtained default and the Court entered default judgment, this Court could set aside default judgment based on defendant Burkey's mistake.

## CONCLUSION

Accordingly, the magistrate judge's report and recommendation [**Doc. 50**] is **ADOPTED** and petitioner's objections [**Doc. 56**] are **OVERRULED**. Moreover, plaintiff's Request to Clerk for Default Judgment [**Doc. 30**] is **DENIED** and defendant's Motion for Partial Dismissal [**Doc. 34**] is **DENIED AS MOOT**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

DATED: March **5**, 2024.

_____
JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE